

**Partners:**
Louis J. Capozzi, Jr., Esq. (PA, NJ, MD)
Daniel K. Natirboff, Esq.
Donald R. Reavey, Esq.
Craig I. Adler, Esq. (PA, NJ)
Mark K. Gyandoh, Esq. (PA, NJ)
Salomon V. Bagdadi, Esq. (FL)
James A. Maro, Esq. (PA, NJ)
James A. Wells, Esq.

**Of Counsel:**
Garrett H. Rothman, Esq.

**Associate Attorneys:**
Bruce G. Baron, Esq.
Brandon S. Williams, Esq.
Nicholas J. Luciano, Esq.
Dayton P. Broyan, Esq. (PA, OH)
Giulia T. Conboy, Esq.

**Paralegals:**
Karen L. Fisher, Senior Paralegal
Linda A. Gussler
Jessica L. Murphy
Tina M. Scheetz

www.capozziadler.com
info@capozziadler.com

August 1, 2025

**Via ECF**

Honorable Judge Zahid N. Quraishi
United States District Judge for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

    Re:    *Fumich, et al. v. Novo Nordisk Inc., et al.*,
            No. 3:24-cv-09158-ZNQ-JBD (D.N.J.)

Dear Judge Quraishi:

    Plaintiffs, by and through their attorneys, respectfully write to inform the Court of two persuasive decisions that have been issued since Plaintiffs filed their Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint, ECF No. 25 ("Opp." or "Opposition"). Attached are the decisions in *Buescher v. N. Am. Lighting, Inc.*, No. 24-cv-2076, 2025 WL 1927503 (C.D. Ill. June 30, 2025) (attached as Exhibit A) and *Parker v. Tenneco Inc.*, No. 23-CV-10816, 2025 WL 1173011, at *6 (E.D. Mich. Apr. 22, 2025) (attached as Exhibit B). These cases advance analogous breaches of fiduciary duty claims involving the use of forfeitures, in violation of ERISA § 502, 29 U.S.C. §1132.

    *Buescher* is helpful to the Court because the opinion provides an in-depth discussion on the many forfeiture decisions that have been issued before upholding claims that are similar to the instant Complaint. Since *Buescher* was issued, a district court in the First Circuit has also upheld claims of breaches of fiduciary duty of loyalty and prudence regarding the use of forfeitures. *See Stephen v. Trader Joe's Co.*, No. 1:25-cv-10212 (D. Mass. July 22, 2025) (ECF No. 47). However, the decision denying the motion to dismiss was issued via text order without an opinion. The decision in *Parker* is also relevant, because the court granted the plaintiffs leave to amend their complaint to add forfeiture allegations after finding that the particularized allegations (like those here) rendered the amendments not futile and not like other dismissed forfeiture cases.

    Together, these cases disprove many of the same arguments Defendants make in attempting to liken the particularized forfeiture allegations here to dismissed complaints, and disproves that forfeiture claims in general are "Foreclosed by Decades of Settled Law." *See* ECF No 22-1,

Straight Line Title Services, LLC

**Main Office**
2933 North Front Street
Harrisburg, PA 17110
Ph. (717) 233-4101
Fax (717) 232-3080

**Real Estate & Title Co. Office**
355 N. 21st Street, Suite 205
Camp Hill, PA 17011
Ph. (717) 234-3289
Fax (717) 234-1670

**Philadelphia Office**
312 Old Lancaster Road
Merion Station, PA 19066
Ph. (610) 890-0200
Fax (717) 232-3080

**Ft. Lauderdale Office**
3101 N. Federal Hwy., Suite 502
Oakland Park, FL 33306
Ph. (717) 234-3289
Fax (717) 234-1670

**Miami Office**
323 Sunny Isles, Blvd., Suite 504
Sunny Isles Beach, FL 33160
Ph. (717) 233-4101
Fax (717) 232-3080

Honorable Judge Zahid N. Quraishi
United States District Judge for the District of New Jersey
August 1, 2025
Page 2

Defendants' Memorandum of Law in Support of Motion to Dismiss Plaintiffs' Complaint, at 22-28; *but see* Opposition, at 27-37 (refuting Defendants' arguments).

      For these reasons, and for the reasons Plaintiffs set forth in their Opposition, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss.

      Respectfully submitted,

      Mark K. Gyandoh, Esq.

cc: All counsel of record (via ECF)